# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**FILED**

**June 24, 2020**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

*In re* C.T. and D.T.

No. 20-0069 (Randolph County 18-JA-113 and 18-JA-114)

## MEMORANDUM DECISION

Petitioner Mother S.T., by counsel David C. Fuellhart III, appeals the Circuit Court of Randolph County's December 30, 2019, order terminating her parental rights to C.T. and D.T.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Lee Niezgoda, filed a response in support of the circuit court's order. The guardian ad litem, Heather M. Weese, filed a response on behalf of the children in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in terminating her improvement period and her parental rights.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In September of 2018, the DHHR filed an abuse and neglect petition based on petitioner's substance abuse. Specifically, the petition alleged that petitioner and the father were arrested after law enforcement discovered drugs and drug paraphernalia in the home within reach of the children. According to the petition, law enforcement discovered "scales and little bags containing a crushed white substance," pills lying on the floor, and a pipe on an entertainment center. Additionally, law enforcement found "a needle on the ground loaded with a pink/orange colored liquid" in the yard outside the home. The petition further alleged that the father was observed snorting heroin and engaged in a physical altercation with law enforcement, in which petitioner attempted to intervene. Petitioner thereafter waived her right to a preliminary hearing.

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

1

In November of 2018, the circuit court held an adjudicatory hearing, during which petitioner stipulated to the allegations against her. Later that month, the circuit court granted petitioner a post-adjudicatory improvement period. The improvement period was reviewed at a series of hearings over the following months and permitted to continue. Due to the parents' compliance with the terms and conditions of their improvement period, the children were returned to their care for a period of trial reunification in May of 2019. However, shortly after the children were returned to their care, petitioner tested positive for methamphetamine.[2] Further, the father had not submitted to a screen since June of 2019. As a result, the children were again removed from petitioner's care.

Following the children's removal from petitioner's care, the DHHR resumed providing petitioner with remedial services, including adult life skills and parent education and supervised visits. According to the record, petitioner failed to consistently visit with the children. In November of 2019, the circuit court held a hearing on the DHHR's motion to terminate petitioner's improvement period, during which the DHHR presented evidence that petitioner failed multiple drug screens between August of 2019 and October of 2019. The record shows that during this period petitioner tested positive for methamphetamine, amphetamine, heroin, and fentanyl. Additionally, petitioner failed to submit to drug screens after October of 2019. Further, a DHHR employee testified that, although she participated in parenting and adult life skills education, petitioner failed to consistently visit with the children. Petitioner testified and admitted to her substance abuse, which she indicated was a result of depression caused by the second removal of the children. Petitioner further moved for a post-dispositional improvement period and testified that she would comply with the terms and conditions of another improvement period if one were granted.

Based on the evidence, the circuit court found that petitioner "admits that she had some problems at times, but denies problems at other times." Further, the circuit court found that after the children's second removal from her care, petitioner produced "a steady progression of positive screens since then." The circuit court further found that it made clear that the period between September of 2019 and the November of 2019 hearing was to be used to evaluate petitioner's willingness to participate in an additional improvement period. Despite this opportunity, the circuit court found that petitioner failed to submit to a drug screen since October of 2019 and produced diluted screens prior to that. As such, the circuit court concluded that petitioner did not "take[] advantage of the opportunities that were afforded to her." Accordingly, the circuit court found that petitioner's improvement period was unsuccessful, terminated the post-adjudicatory improvement period, and denied petitioner's motion for a post-dispositional improvement period. The court then scheduled a final dispositional hearing. However, before that hearing was convened, petitioner and the father were arrested for possession of a "significant amount" of methamphetamine.

---

[2]The record shows that the initial drug screen upon which the second removal of petitioner's children was predicated was later determined to be negative upon laboratory testing. However, the record further shows that petitioner tested positive on four other screens following the children's removal, all of which were confirmed by laboratory testing.

In December of 2019, the circuit court held the final dispositional hearing, at which time it reiterated findings that petitioner was noncompliant with the terms and conditions of her improvement period. According to the circuit court, petitioner was in a worse position following the second removal of her children than she was when the case began. Accordingly, the circuit court found that petitioner was unable or unwilling to provide for the children's needs and that termination of her parental rights was necessary for the children's welfare. As such, the circuit court terminated petitioner's parental rights.[3] It is from the dispositional order that petitioner appeals.

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioner first argues that the circuit court erred in finding that she did not successfully complete her post-adjudicatory improvement period because she substantially complied with the terms and conditions thereof. We find petitioner's argument unavailing. While petitioner argues that she failed only four drug screens during the nine-month improvement period, she ignores the fact that these failed screens all occurred between August of 2019 and October of 2019, a much smaller timeframe than the entirety of the improvement period. Petitioner also disregards the fact that she stopped screening in October of 2019, thereby preluding any determination as to whether she ceased abusing drugs after that time. It is true that the record shows that petitioner was initially compliant with the terms and conditions of her improvement period. What petitioner ignores, however, is that she was largely noncompliant for the last several months of the improvement period, despite the fact that the circuit court clearly indicated to her that her participation following a hearing in September of 2019 would be used to determine her ability to comply with a further improvement period. As the circuit court found, petitioner failed to show compliance during this period.

---

[3]The father's parental rights were also terminated below. Additionally, C.T.'s biological mother's parental rights were terminated in a prior proceeding. According to respondents, the permanency plan for the children is adoption in the current foster home.

Pursuant to West Virginia Code § 49-4-610(7), "[u]pon the motion by any party, the court shall terminate any improvement period granted pursuant to this section when the court finds that [the parent] has failed to fully participate in the terms of the improvement period." Here, the record overwhelmingly supports the circuit court's findings related to petitioner's failure to fully participate in her improvement period and her ultimate failure to successfully complete the same. Additionally, this Court has held that

> [a]t the conclusion of the improvement period, the court shall review the performance of the parents in attempting to attain the goals of the improvement period and shall, in the court's discretion, determine whether the conditions of the improvement period have been satisfied and whether sufficient improvement has been made in the context of all the circumstances of the case to justify the return of the child.

Syl. Pt. 6, *In Interest of Carlita B.*, 185 W. Va. 613, 408 S.E.2d 365 (1991). Here, we find no abuse of discretion in the circuit court's determination that petitioner was unsuccessful in sufficiently improving the conditions at issue. The children were twice removed due to petitioner's substance abuse, which not only continued after the second removal but resulted in petitioner's arrest for possession of methamphetamine. As such, petitioner is entitled to no relief in this regard.

Finally, petitioner argues that the circuit court erred in terminating her parental rights instead of imposing a less-restrictive dispositional alternative. Specifically, petitioner argues that a legal guardianship under West Virginia Code § 49-4-604(b)(5) (2019)[4] would have been more appropriate in this matter. According to that statute, a circuit court may temporarily commit a child to the care, custody, and control of a legal guardian "[u]pon a finding that the abusing parent . . . [is] presently unwilling or unable to provide adequately for the child's needs." Petitioner argues that the circuit court made this finding below and, accordingly, should have imposed disposition under this statute. We find, however, that the circuit court's use of this specific language did not restrict its ability to terminate petitioner's parental rights under West Virginia Code § 49-4-604(b)(6) (2019), especially considering the fact that it made findings that termination of petitioner's parental rights was in the children's best interests.

According to West Virginia Code § 49-4-604(b)(6) (2019), a circuit court may terminate parental rights when it makes findings that there is no reasonable likelihood that the conditions of abuse and neglect can be substantially corrected in the near future and that termination is necessary for the children's welfare. Further, West Virginia Code § 49-4-604(c)(1) (2019) provides that a situation in which there is no reasonable likelihood the conditions of abuse and neglect can be substantially corrected in the near future includes when

> [t]he abusing parent . . . [has] habitually abused or [is] addicted to alcohol, controlled substances or drugs, to the extent that proper parenting skills have been seriously impaired and the [parent has] not responded to or followed through the

---

[4]Although the Legislature amended West Virginia Code § 49-4-604 effective June 5, 2020, including renumbering the provisions, the amendments do not impact this case.

4

recommended and appropriate treatment which could have improved the capacity for adequate parental functioning.

Here, the evidence established that petitioner's continued substance abuse resulted in her inability to adequately parent the children. Despite the specific language the circuit court used in its order, it is clear that there was no reasonable likelihood petitioner could substantially correct the conditions of abuse and neglect in the near future. Further, the circuit court specifically found that termination of petitioner's parental rights was "necess[ary] for the welfare and best interest of the children," given her inability to safely parent the children. The circuit court also found that "[a] legal guardianship [would] not provide the children with stability or the best permanency" and was, therefore, not in their best interests, while adoption with their current foster family was "the most appropriate permanency plan to serve the best interests of the children." As we have previously held,

> "[t]ermination of parental rights, the most drastic remedy under the statutory provision covering the disposition of neglected children, [West Virginia Code § 49-4-604 (2019)] . . . may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under [West Virginia Code § 49-4-604(c) (2019)] . . . that conditions of neglect or abuse can be substantially corrected." Syllabus point 2, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 5, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011). As such, it is clear that the circuit court was presented with sufficient evidence upon which to base termination, and we find no error in this regard.

For the foregoing reasons, we find no error in the decision of the circuit court, and its December 30, 2019, order is hereby affirmed.

Affirmed.

**ISSUED**: June 24, 2020

**CONCURRED IN BY**:

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison